Hinnershitz v. United Traction Company.   Nein v. United Traction Company.   Dundore v. United Traction Company.   Zuber v. United Traction Company.

*Street railways—Equity—Preliminary injunction—Turnpike—Construction of second track—Laches.*

On a bill in equity to restrain the construction of a second track of a street railway on a turnpike, a preliminary injunction was refused by the court below where it appeared that the first track was laid on the turnpike north of its center line, and that the complainant's land abutted on the south side of the turnpike, and that the complainants had allowed over two years to pass by from the date of the construction of the first track before they objected to the construction of the second track, although they had notice that the railway was to consist of two tracks.   The supreme court declined to interfere at this stage of the case.

Argued March 4, 1901.   Appeals, Nos. 136, 137, 138 and 140, Jan. T., 1900, by plaintiffs, from decree of C. P. Berks Co., Equity Docket 1899, Nos. 751, 753, 754, 755, refusing preliminary injunction in the cases of Harrison S. Hinnershitz v. United Traction Company and East Reading Electric Railway Company; David Dundore v. United Traction Company and East Reading Electric Railway Company; Jeremiah W. Zuber v. United Traction Company and East Reading Electric Railway Company and Jonathan D. Nein and David Nein v. United Traction Company and East Reading Electric Railway Company.   Before McCollum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ.   Affirmed.

Motion for a preliminary injunction.

From the record it appeared that the East Reading Electric Railway Company having obtained authority from the township supervisors, and having secured the consent of the owners of the Perkiomen & Reading Turnpike Road constructed in the summer of 1897, a railway track on the north side of the turnpike.   Under authority from the supervisors and the agreement with the turnpike company, the railway company had a right to lay a second track.   In December, 1899, the railway company began to construct a second track on the south side of the turnpike, and had proceeded to some extent with the

work when bills were filed against it by owners of land abutting on the south side.

The court in an opinion by ENDLICH, J., refused a preliminary injunction mainly on the ground of estoppel and laches on the part of the complainants.

*Error assigned* was the decree of the court.

*Cyrus G. Derr*, with him *Edward S. Kremp*, for appellant.

*John G. Johnson*, with him *C. H. Ruhl* and *Richmond L. Jones*, for appellees.

PER CURIAM, April 1, 1901:

We think the court was warranted in refusing a preliminary injunction in these cases. We do not decide any of the questions involved, but leave them to be considered if an appeal is made from a decree on final hearing.

The decrees are affirmed.